STATE of Minnesota, Respondent,

v.

Rene CASANOVA, Appellant.

No. C3–84–1717.

Court of Appeals of Minnesota.

Dec. 24, 1984.

Thomas Johnson, Hennepin County Atty., John Owen, Asst. County Atty., Minneapolis, for respondent.

Donald R. Betzold, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Rene Casanova was found not guilty of arson by reason of mental illness. The trial judge in the criminal case conducted civil commitment proceedings, and in January 1984 appellant was found mentally ill and was committed to Anoka State Hospital. His commitment was continued by order dated September 13, 1984, and he appeals.

## FACTS

Appellant is a 32 year-old Spanish-speaking Cuban refugee. He set two fires in his apartment in July 1983 to "drive the devil out." He was charged with attempted first-degree arson in connection with one fire. After trial in December 1983, he was found not guilty by reason of mental illness. On the mandate to "cause civil commitment proceedings to be instituted," Minn.R.Crim.P. 20.02, subd. 8(1), the criminal case trial judge conducted a commitment hearing, and appellant was found mentally ill and committed to Anoka State Hospital on January 19, 1984.

The trial court received progress reports from staff at Anoka State Hospital in March, June and August of 1984. A staff doctor testified on May 2 and, on July 9, testimony was received from Dr. Hector Zeller, a court-appointed examiner.

Hospital staff reports said that appellant was not psychotic and questioned continued commitment. The staff doctor testified that appellant showed no psychotic symptoms and did not suffer from a major medical disorder. Dr. Zeller disagreed, expressing the opinion that appellant was mentally ill and in need of continued treatment. However, upon cross-examination, the examiner indicated appellant could handle a halfway house placement.

The June 1984 hospital staff report states that Dr. Zeller's current contact with appellant was brief, and that Zeller was unable to evaluate appellant because the patient refused to give him much information. The August report recommends discharge of appellant, but notes that he refused an attempted group-home placement.

The trial court order dated September 13, 1984, states a single finding that "defendant continues to need treatment and his release from a secure facility at this time would present a danger to himself and the community." The court refused to discharge appellant, but the order does not indicate the period of continued commitment.

## ISSUES

In its order refusing discharge of appellant from civil commitment, did the trial court comply with statutory requirements for findings of fact and conclusions of law?

## ANALYSIS

Following a criminal trial, the trial court proceeded as required by Rule 20.02, subd. 8, of the Minnesota Rules of Criminal Procedure. Reference in the rule to "civil commitment proceedings" deals with proceedings under Minn.Stat. ch. 253B. Comment, Minn.R.Cr.P.

### 1.

The duration of an initial civil commitment cannot exceed six months. Minn. Stat. § 253B.09, subd. 5 (1982). Further commitment is prohibited unless a hearing is held

and the court finds by clear and convincing evidence that (1) the person continues to be mentally ill, mentally retarded or chemically dependent; (2) involuntary commitment is necessary for the protection of the patient or others; and (3) there is no alternative to involuntary commitment.

Minn.Stat. § 253B.12, subd. 4 (Supp.1983).

Findings on mental illness must relate to a definition stated in § 253B.02, subd. 13 (Supp.1983). Findings on treatment needs and alternatives must relate to standards stated in § 253B.09, subd. 1 (1982). Minn.Stat. § 253B.13, subd. 1 (Supp.1983) requires findings on the probable length of necessary commitment.

Here the court made only one relevant finding, a general finding on need for treatment, and no specific findings. We must remand for further trial court action.

### 2.

Minn.Stat. § 253B.13, subd. 1 (Supp. 1983), provides:

Mentally ill persons. If at the conclusion of a hearing held pursuant to section 253B.12, it is found that the criteria for continued commitment have been satisfied, the court shall determine the proba-

ble length of commitment necessary. No period of commitment shall exceed this length of time or 12 months, whichever is less.

The trial court has reached no conclusion on the period of commitment and must do so.

### 3.

Appellant also attacks the failure of the court to release him when the initial hospital report was received in March 1984. *See* Minn.Stat. § 253B.09, subd. 5. We find nothing in the record to indicate contemporaneous objections of counsel to the actions of the trial court between March and September, including continuation of the proceedings and arrangements for interview and reporting by an examiner, and none of those decisions of the trial court were appealed.

## DECISION

The trial court must make findings and conclusions required by statute. At its discretion it may take additional testimony needed to make adequate findings. Trial court proceedings must be expedited.

Remanded.